**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 07 CR 410 |
| v. | Judge Harry D. Leinenweber |
| **CHRISTOPHER DUKES,** | |
| Defendant. | |

# ORDER

Defendant Christopher Dukes' Motion for a Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [ECF No. 1292] is denied.

# STATEMENT

Before the Court is Defendant Christopher Dukes' Motion for a Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) [ECF No. 1292]. Dukes argues that he is entitled to a reduced sentence in light of Amendment 782, in which the Sentencing Commission retroactively reduced the guideline ranges for quantity-based drug offenses. For the reasons stated herein, Defendant's Motion is denied.

In October of 2009, Dukes plead guilty to his role in a drug conspiracy and was later sentenced in July 2012. At his sentencing hearing, the Court assigned a base offense level of 34, which was then decreased by five levels, resulting in a combined offense level of 29. Dukes' prior conduct placed him in Criminal History Category I, which resulted in a guideline sentencing range of 87-108 months imprisonment. The Court,

however, ultimately departed from the guideline range and sentenced Dukes to 70 months' imprisonment.

Amendment 782 is one of the many recent amendments to the Sentencing Guidelines and became effective on November 1, 2014. The Amendment lowered the Drug Quantity Table for § 2D1.1 of the Sentencing Guidelines by two levels. This decrease applies retroactively, thus defendants who were sentenced under § 2D1.1 before November 1, 2014 may nonetheless be eligible for sentence reductions. U.S.S.G. § 1B1.10(d), (e)(1); *see, United States v. Hayden,* 775 F.3d 847, 850 (7th Cir. 2014).

The Government acknowledges that Amendment 782 applies to Dukes, and that if sentenced today his guideline range would be 70-87 months. But the Commission has clearly stated that a district court may not "reduce the defendant's term of imprisonment under [§ 3582] and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2); s*ee also, Dillon v. United States,* 560 U.S. 817, 826 (2010) (stating that Congress gave the Sentencing Commission the exclusive authority to determine by how much a previously imposed sentence may be reduced). Put simply, the Court cannot adjust Dukes' sentence to anything lower than the amended minimum guideline range — 70 months. The Court originally sentenced Dukes to 70 months — a term equal to the amended minimum guideline sentence. Therefore, the Court cannot reduce Dukes' sentence any further.

For these reasons, the Court denies Dukes' Motion for a Reduction of Sentence.

  Harry D. Leinenweber, Judge
  United States District Court

Dated: 11/5/2015